Filed 10/8/25  P. v. Vega-Sanchez CA4/2
Opinion following transfer from Supreme Court

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E082892 |
| v. | (Super.Ct.No. RIF1204066) |
| MARIO JESUS VEGA-SANCHEZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge.  Reversed and remanded.

Gerald J. Miller, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, and Daniel Rogers, Deputy Attorney General, for Plaintiff and Respondent.

1

At a hearing pursuant to Penal Code section 1172.75,[1] the court denied defendant and appellant Mario Jesus Vega-Sanchez's request for a full resentencing hearing.  On appeal, defendant contended this court should reverse the order and remand the matter to the trial court with directions to hold a full resentencing hearing.  We affirmed.

On September 3, 2025, the California Supreme Court issued an order directing us to vacate our decision and reconsider the cause in light of *People v. Rhodius* (2025) 17 Cal.5th 1050 (*Rhodius*)).  We vacated our decision and offered the parties the opportunity to file supplemental briefs, which they waived.  We reverse and remand the matter with directions.

## I.  PROCEDURAL BACKGROUND

On March 27, 2013, a jury convicted defendant of attempted first degree murder (Pen. Code, §§ 664, 187, subd. (a), count 1), assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1), count 2), and felony hit and run with injury (Veh. Code, § 20001, subd. (a), count 3).  The jury also found true allegations that defendant personally inflicted great bodily injury in his commission of the attempted murder and assault offenses (Pen. Code, § 12022.7, subd. (a)), and that he inflicted serious permanent injury to the victim of the hit and run (Veh. Code, § 20001, subd. (b)(2)).  (*People v. Vega-Sanchez* (Oct. 7, 2014, E059175) (*Vega-Sanchez*).)

Defendant later admitted that he had suffered a prior prison term (§ 667.5, subd. (b)), a prior serious felony conviction (§ 667, subd. (c)), and a prior strike

_____

[1]  All further statutory references are to the Penal Code unless otherwise indicated.

conviction (§§ 667, subds. (c) & (e)(1), 1170.12, subd. (c)(1)).  The trial court sentenced defendant to a total determinate term of nine years four months; the court stayed imposition of punishment on the prior prison term enhancement.  (*Vega-Sanchez*, *supra*, E059175.)

Defendant appealed.  By opinion filed October 7, 2014, this court affirmed the judgment.  (*Vega-Sanchez*, *supra*, E059175.)

On December 27, 2023, at a section 1172.75 hearing at which counsel represented defendant, the court denied defendant's request for a full resentencing hearing.

Defendant appealed.  We affirmed the court's order because defendant's judgment included a prior prison term upon which the court stayed punishment; thus, we held that since defendant was not serving a term of imprisonment for the enhancement, he was not entitled to a full resentencing hearing.

## II.  DISCUSSION

"In 2019, in an effort to reduce the societal and fiscal burdens of incarceration, the Legislature passed Senate Bill No. 136 (2019–2020 Reg. Sess.) (Senate Bill No. 136), which amended section 667.5[, subdivision] (b) to eliminate prior-prison-term enhancements for all prior crimes except for 'sexually violent offense[s] as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code.'  (Stats. 2019, ch. 590, § 1.)  In 2021, Senate Bill No. 483 (2021–2022 Reg. Sess.) made this change retroactive.  It enacted Penal Code section 1171.1 (Stats. 2021, ch. 728, §§ 1, 3), later renumbered without substantive change as Penal Code section 1172.75 (section 1172.75)

3

(Stats. 2022, ch. 58, § 12), which declares: 'Any sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code is legally invalid.' [Citation.]" (*Rhodius*, *supra*, 17 Cal.5th at p. 1054.)

"A defendant serving a term for a judgment that includes a now-invalid enhancement is entitled to resentencing. [Citation.] To facilitate the process, the statute directs California's Department of Corrections and Rehabilitation (CDCR) to 'identify those persons in their custody currently serving a term for a judgment that includes an enhancement described in subdivision (a).' [Citation.] Upon receiving that information, the sentencing court must 'review the judgment and verify that the current judgment includes a sentencing enhancement described in subdivision (a).' [Citation.] 'If the court determines that the current judgment includes an enhancement described in subdivision (a), the court shall recall the sentence and resentence the defendant.' [Citation.] The statute provides separate deadlines for identification, review, and resentencing of 'individuals . . . currently serving a sentence based on the enhancement' and 'all other individuals.' [Citation.]" (*Rhodius*, *supra*, 17 Cal.5th at p. 1055.)

"Section 1172.75, subdivision (d) sets forth detailed instructions for resentencing once a sentence has been recalled. As relevant here, subdivision (d) specifies: 'Resentencing pursuant to this section shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the

4

court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety.  Resentencing pursuant to this section shall not result in a longer sentence than the one originally imposed.'  [Citation.]  The trial court must 'apply the sentencing rules of the Judicial Council' as well as 'any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing.'  [Citation.]  In addition, the court may 'consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice.'  [Citation.]" (*Rhodius*, *supra*, 17 Cal.5th at p. 1055.)

"[S]ection 1172.75 entitles a defendant to resentencing if the underlying judgment includes a prior-prison-term enhancement that was imposed before January 1, 2020, regardless of whether the enhancement was then executed or instead stayed.  [Citation.]" (*Rhodius*, *supra*, 17 Cal.5th at p. 1054.)

Here, defendant's judgment included a stayed prior prison term enhancement that was imposed before January 1, 2020.  The prior prison term was not for a sexually violent offense.  At the section 1172.75 hearing, the court denied defendant's request for a full

resentencing hearing.  Thus, pursuant to *Rhodius*, the matter must be reversed and remanded with directions to the court below to hold a full resentencing hearing.[2]

## III.  DISPOSITION

The matter is reversed and remanded to the trial court with directions to hold a full resentencing hearing.  The court is directed to strike the section 667.5, subdivision (b) enhancement in its entirety. We express no opinion on whether defendant would be entitled to any further relief on remand.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
Acting P. J.

We concur:

MILLER
J.

RAPHAEL
J.

---

[2]  Here, the court neglected to strike the enhancement.  There is no new abstract of judgment in the record.  Thus, we shall direct the court below to strike the enhancement in its entirety.  (§ 1172.75, subd. (a) ["Any sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code is legally invalid"]; *People v. Monroe* (2022) 85 Cal.App.5th 393, 402 ["By its plain terms, section 1172.75 requires . . . the trial court strike the newly 'invalid' enhancements"]; accord, *People v. Garcia* (2024) 101 Cal.App.5th 848, 855; *People v. Green* (2024) 104 Cal.App.5th 365, 373.)